Weygandt, C. J.,
dissents on the ground of the cogent reasoning of the Court of Appeals that “the right of a shareholder in an Ohio corporation to cumulate his vote has been provided by statute in this state for more than 50 years. The Legislature in adopting the revision of the statute dealing with corporate organization in 1927, showed clearly that it intended to strengthen the cumulative voting provision by adding to existing law the provision that a corporation can not restrict cumulative voting by its articles or code of regulations. And when in the same act the Legislature, for the first time provides *61 that there may be classification of directors when provided for by its code of regulations, it could not have been intended that the exercise of such right could be so used as to nullify the right of cumulative voting. When the minimum number of three directors is provided for, and their terms of office are for three years, one to be elected each year, the right to cumulative voting is, in such case, completely nullified” — an utterly futile result hardly contemplated by the emphatic language of the General Assembly in its attempt to strengthen the right. (Italics supplied.)
Hart, J., concurs in the foregoing dissenting opinion.